Day, J.
Two questions are presented for our determination: (1) Whether the Industrial Commission of Ohio has authority to take jurisdiction over an application for death benefits filed more than ten years after the death of an employee, and (2) whether mandamus is the proper remedy.
Section 1465-86, General Code, provides:
“The powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified. Provided, however, that no such modification or change or any finding or award in respect of any claim whether filed heretofore or hereafter shall be made with respect to disability, compensation, dependency or benefits, after ten years from the last payment theretofore made of compensation or benefits awarded on account of injury or death, or ten years after the injury in cases in which no compen *80 sation ever has been awarded. Provided further that nothing herein contained shall deprive the commission of its continuing jurisdiction as herein defined to determine the questions raised by any application for modification of award which shall have been filed with the commission after June 1, 1932, and prior to the expiration of such ten years but in respect to which no award shall have been granted or denied during such ten years.
“The commission may, by general rules, provide for the destruction of files of cases in which no further action may be taken.”
It is clear that under the above quoted section of the General Code the Industrial Commission has no authority to take jurisdiction over relator’s application or to make an award.
Whether the Industrial Commission had or had not-notified the Greek Consulate of the death of the decedent is not material to the issues here presented. Notification is not by statute made a condition precedent to the commencement of the operation of the limitation imposed by the section of the General Code quoted above.
“Though a person may not discover his injury until too late to take advantage of the appropriate remedy yet this is said to be one of the occasional hardships necessarily incident to a law arbitrarily making legal remedies contingent on mere lapse of time.” 17 Ruling Case Law, 832, Section 193.
“The fact that a person entitled to an action has no knowledge of his right to sue, or of the facts out of which his right arises, does not, as a general rule, prevent the running of the statute, or postpone the commencement of the period of limitation, until he discovers the facts or learns of his rights thereunder.” 17 Ruling Case Law, 831, Section 193.
“The operation of the statute of limitations is not suspended or postponed * * * unless such an e^; *81 ception.is a rule of the statute.” 37 Corpus Juris, 986, Section 37. Courts can not engraft exceptions thereon.
No distinction can be made between the rights of Americans and aliens under the Workmen’s Compensation Act. Alienage does not impair one’s rights nor does it establish superior rights.
The rights claimed by relator are those emanating from statute and not from treaty. Where statutes are not inconsistent with, or in contravention of, treaty provision, the rights emanating therefrom will be governed thereby.
Is mandamus available? Mandamus is an extraordinary writ and will not lie unless the claimant can establish a clear legal right thereto. “Mandamus is a writ commanding a public board or official to perform an act which the law specially enjoins as a duty resulting from an office, trust or station, and will issue only when it is clearly shown that there is a plain dereliction of such duty.” (Italics ours.) Paragraph one of the syllabus in State, ex ret. Van Harlingen, v. Board of Edn. of Mad River Twp., 104 Ohio St., 360, 136 N. E., 196.
No dereliction of duty on the part of the Industrial Commission is here shown.
Respondent was under the law wholly without jurisdiction to consider the application of relator and acted wholly within its authority in refusing to assume jurisdiction.
No ground exists in this case for the issuance of a .writ of mandamus.

Writ denied.

Weygandt, C. J., Stephenson, Williams, Jones, Matthias and Zimmerman, JJ., concur.